UNITED STATES of America,

v.

David Lee HODGES Appellant.

No. 01–2900.

United States Court of Appeals, Third Circuit.

Submitted April 30, 2002.

Decided May 9, 2002.

Before NYGAARD, ROTH, and WEIS, Circuit Judges.

484

## OPINION OF THE COURT

NYGAARD, Circuit Judge.

Police officers in Erie, Pennsylvania received information from Texas officials that two men, one of whom was named David Hodges, were suspected of transporting marijuana from Texas to Erie in duffel bags, were staying at the Tallyho-tel in Erie, and were driving a white Chevy Blazer. Acting upon this information, three officers went to the Tallyho-tel, saw the Chevy Blazer, and confirmed that two men fitting the description were registered guests. The three officers then knocked on the hotel room door. When Hodges answered, one of the officers identified himself as an FBI agent and asked if they could enter the room. Hodges said yes.

The officer told Hodges and his companion that he suspected that there was a large quantity of drugs in the room. Hodges denied this. The officer then asked if he and the other officers could look around the room. Hodges agreed. Upon inspection, the officer found three large duffel bags, and asked to whom the bags belonged. Both men denied ownership. The officer then asked if he could look in the bags. Hodges said yes. In them the officers found marijuana and immediately arrested both men, charging them with conspiring to possess with intent to distribute marijuana in violation of 21 U.S.C. § 846. The sole issue presented on appeal is whether the District Court erred by finding that Hodges's consent to the search was voluntary.

Denying Hodges's suppression motion the District Court found that, "[a]t no time was there any force or threat of force employed. At no material time was there any more than three police officers in the room.... The atmosphere ... remained polite ... [and] the tone was courteous and conversational." The Court than held that "under all the circumstances based upon the actions of the police officers at the exterior of the door and in knocking on it and their specific requests to enter, [Hodges would have known] that he was not required to permit that entry." The Court concluded that, under the totality of the circumstances, Hodges's consent to search was voluntary. The Court's findings were not erroneous, and it applied the law correctly. We will affirm.